SEYFARTH SHAW LLP
Elisabeth C. Watson (SBN 184332)
ewatson@seyfarth.com
333 S. Hope Street, Suite 3900
Los Angeles, California 90071
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Attorney for Defendant
DEVRY UNIVERSITY, INC.
(also erroneously sued as DeVry University
and DeVry, Inc.)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| VINOD CHHABRA,<br><br>        Plaintiff,<br><br>    v.<br><br>DEVRY UNIVERSITY, INC., an Illinois corporation registered in the State of California; DEVRY UNIVERSITY, an entity of unknown capacity; DEVRY, INC., a Delaware corporation registered in the State of California; SCOTT SAND, an individual; KELLI SPENCE, an individual; BRIAN PORTER, an individual; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. CV 14 07663-DDP(FFMx)<br><br>**DEFENDANTS DEVRY UNIVERSITY, INC. 'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. SECTIONS 1441(a) and (b)**<br><br>**(Diversity Jurisdiction)**<br><br>[Los Angeles Superior Court Case No. LC101686]<br><br>Complaint Filed:  May 22, 2014 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION (LOS ANGELES) AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

NOTICE OF REMOVAL

16215113v.3
18117837v.3

1    PLEASE TAKE NOTICE that Defendants DeVry University, Inc. (also

2 erroneously sued as DeVry University and DeVry Inc) ("DeVry"), an Illinois

3 corporation, hereby file this Notice of Removal pursuant to 28 U.S.C. Sections

4 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to

5 effectuate the removal of the above-captioned action from the Superior Court of

6 the State of California for the County of Los Angeles to the United States District

7 Court for the Central District of California, Western Division (Los Angeles), and

8 state that the removal is proper because the amount in controversy exceeds $75,000

9 and the action is between citizens of different states.  Plaintiff is a citizen of

10 California and DeVry is deemed a citizen of Illinois.  The individual defendants

11 are sham defendants because they cannot be liable as a matter of law under the

12 theories alleged in Plaintiff's Complaint.  Accordingly, for the reasons stated

13 herein, removal is proper.

## I.    BACKGROUND

15    1.    DeVry seeks to remove to federal court an action filed on behalf of

16 Vinod Chhabra in the Superior Court of the State of California for the County of

17 Los Angeles entitled *Vinod Chhabra v. DeVry University, Inc., DeVry University,*

18 *DeVry, Inc., Scott Sand, Kelli Spence, and Brian Porter,* Case No. LC101686.  The

19 Complaint alleges five causes of action for: (1) Discrimination in Violation of the

20 Fair Employment and Housing Act ("FEHA"); (2) Wrongful Termination -

21 Retaliation; (3) Wrongful Termination - Discrimination and Retaliation in

22 Violation of Public Policy; (4) Wrongful Termination - Implied in Fact Contract

23 Not To Terminate Without Good Cause; and (5) Breach of Contract.

24    2.    Plaintiff filed the Complaint on or about May 22, 2014.

25    3.    The Complaint was served on DeVry on or about September 5, 2014.

26 In compliance with 28 U.S.C. § 1446(a), copies of the: Summons; Complaint; and

27 Notice of Case Management Conference are collectively attached as **Exhibit A** to

28 the Declaration of Elisabeth C. Watson ("Watson Declaration").

18117837v.3

4.     On October 3, 2014, DeVry filed an Answer to the Complaint in the Superior Court for the State of California, County of Los Angeles.  A true and correct copy of the Answer is as attached **Exhibit B** to the Watson Declaration.

## II.     TIMELINESS OF REMOVAL

5.     This Notice of Removal is filed within 30 days of service of the Summons and Complaint on Defendants.  Thus, removal is timely pursuant to 28 U.S.C. section 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure.  28 U.S.C. § 1446(b).

## III.     PROCEEDINGS IN STATE COURT

6.     The Superior Court scheduled a Case Management Conference for 8:30 a.m. on October 9, 2014.  Other than the Case Management Conference, there are no other proceedings scheduled in the Superior Court.  There have been no court appearances or proceedings to date.

7.     All process, pleadings, notices and orders received and served on DeVry are attached to the Watson Declaration, as required by 28 U.S.C. section 1446(a), as **Exhibits A and B** and are incorporated by reference as though fully set forth herein.

## IV.     DIVERSITY JURISDICTION

8.     The Court has original diversity jurisdiction of this action under 28 U.S.C. section 1332(a)(1).  DeVry may remove it from state to federal court pursuant to 28 U.S.C. section 1441(a) because this action involves an amount in controversy that exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs, and is between citizens of different states.

### A.     THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

#### 1.     Plaintiff is a citizen of California

9.     To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States; and (b) a domiciliary of one particular

-3-

18117837v.3

1   state.  A party's residence is prima facie evidence of his domicile.  *State Farm*

2   *Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994).  *Kantor v. Wellesley*

3   *Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Here, Plaintiff alleges in the

4   Complaint that he has resided in California in the City of Northridge at all times

5   relevant to his causes of action against Defendants.  (Complaint  ¶3).

6           10.     Moreover, throughout Plaintiff's employment with DeVry, Plaintiff

7   listed his home address in California as his residence for the purposes of his

8   personnel file, payroll checks, and tax withholdings, thereby demonstrating "an

9   intent to remain" in California and establishing Plaintiff's domicile in California.

10   (Declaration of Alana Hurt ("Hurt Decl.") ¶3).  .

11           11.     Plaintiff, therefore, is, and at all times since the commencement of this

12   action has been, a citizen of the State of California.

13           **2.     <u>DeVry is a citizen of Illinois</u>**

14           12.     Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed

15   to be a citizen of any State by which it has been incorporated and of the State

16   where it has its principal place of business."

17           13.     DeVry is <u>not</u> a citizen of California.  DeVry is now, and ever since

18   this action commenced has been, an Illinois corporation, with its principal place of

19   business in the State of Illinois.  (Hurt Decl. ¶4).

20           14.     The appropriate test to determine a corporation's principal place of

21   business is the "nerve center" test.  *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192

22   (2010).  Under the "nerve center" test, the principal place of business is the state

23   where the "corporation's officers direct, control, and coordinate the corporation's

24   activities" and where the corporation maintains its headquarters.  *Id.*

25           15.     Pursuant to *Hertz*, DeVry's principal place of business is Illinois

26   because its "nerve center" is located in the State of Illinois.  *Hertz Corp.*, 130 S.Ct.

27   at 1192.

28

18117837v.3

1          a.  DeVry's headquarters are located in the State of Illinois and the
2              majority of its executive and administrative functions take place in
3              Downers Grove, Illinois.  (Hurt Decl. ¶4).

           b.  DeVry's high-level management team is based in Illinois and
              conducts DeVry's business from its Illinois headquarters.  (*Id.*)

           c.  The majority of DeVry's domestic administrative functions,
              including payroll, accounting, purchasing, marketing, human
              resources and information systems are located in Illinois.  (*Id.*)

           d.  Downers Grove, Illinois is the site of DeVry's corporate
              headquarters and executive offices, where DeVry's high level
              officers direct, control, and coordinate DeVry's activities.  (*Id.*)

16.    Accordingly, DeVry is, and has been at all times since this action commenced, a citizen of Illinois pursuant to its incorporation and Illinois pursuant to the "nerve center" test.

**3.    Individual Defendants Scott Sand, Kelli Spence and Brian Porter are Sham Defendants**

17.    In the Complaint, Plaintiff alleges that Scott Sand, Kelli Spence and Brian Porter are "supervisors" with DeVry.   (Complaint ¶4).  Although Plaintiff alleges that Sand, Spence and Porter are citizens of California, they must be disregarded for purposes of diversity because they are "sham" defendants, *i.e.*, they cannot be liable as a matter of law under any of the theories alleged in the Complaint. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

18.    It is well-settled that a party cannot defeat diversity of citizenship jurisdiction by adding "sham" defendants. *See id.; TPS Utilicom Serv., Inc. v. AT & T Corp.*, 223 F. Supp. 2d 1089, 1100-1101 (C.D. Cal. 2002) (denying motion to remand and disregarding citizenship of fraudulently joined resident defendants). Joinder of defendants is fraudulent if the defendants cannot be liable to the plaintiff

NOTICE OF REMOVAL
18117837v.3

1   on any theory alleged in the complaint.  *See, e.g., Ritchey v. Upjohn Drug Co.*, 139

2   F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336,

3   1339 (9th Cir. 1987).

4         19.   When determining whether a defendant is fraudulently joined, "[t]he

5   court may pierce the pleadings, consider the entire record, and determine the basis

6   of joinder by any means available." *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D.

7   Cal. 1979) ("[I]t is well settled that upon allegations of fraudulent joinder…federal

8   courts may look beyond the pleadings to determine if the joinder…is a sham or

9   fraudulent device to prevent removal"); *McCabe*, 811 F.2d at 1339 (holding that a

10  defendant "is entitled to present the facts showing the joinder to be fraudulent"); *cf*

11  *TPS Utilicom Servs., Inc.*, 223 F. Supp. 2d at 1102 (plaintiff "cannot resist the

12  fraudulent joinder analysis by arguing that future discovery might turn up a factual

13  basis for alleging unfair practices or interference with prospective economic

14  advantage against these resident defendants").

15        20.   If the facts reveal that joinder is fraudulent, the defendants may be

16  dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil

17  Procedure, which provides that "[p]arties may be dropped or added by order of the

18  court on motion of any party…at any stage of the action and on such terms as are

19  just." *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 248-49 (E.D. Cal. 1992).

20        21.   Plaintiff asserts five causes of action against individual defendants

21  Sand, Spence and Porter: (1) Discrimination in Violation of FEHA; (2) Wrongful

22  Termination - Retaliation; (3) Wrongful Termination - Discrimination and

23  Retaliation in Violation of Public Policy; (4) Wrongful Termination - Implied in

24  Fact Contract Not To Terminate Without Good Cause; and (5) Breach of Contract.

25  As demonstrated herein, Sand, Spence and Porter cannot be held liable for the

26  claims alleged in the Complaint as a matter of law.  Only an employer can be liable

27  under these theories, yet the Complaint alleges that they are supervisors and that

28  DeVry alone was his employer.

-6-

18117837v.3

1

2       **a.      Sand, Spence and Porter Cannot Be Subject To Individual**

3              **Liability On The FEHA Causes Of Action**

4       22.    The individual defendants are improperly named on the first and

5 second causes of action, which are the two statutory discrimination and retaliation

6 claims under FEHA, Govt. Code §12940 *et seq*. The law is clear that **only an**

7 **"employer"** may be held liable under the FEHA for alleged discrimination and

8 retaliation.  The FEHA defines an "employer" to include "any person regularly

9 employing five or more persons…"  Cal. Gov. Code § 12926(d).  Individuals who

10 do not themselves qualify as employers may not be sued under the FEHA for

11 alleged discriminatory acts or be held liable for discharge in violation of public

12 policy for discrimination relating to personnel management decisions.  *Reno v.*

13 *Baird* , 18 Cal. 4th 640, 645, 663 (1998) (holding that the FEHA "prohibits only

14 'an employer' from engaging in improper discrimination"); *Jones v. The Lodge at*

15 *Torrey Pines Partnership*, 42 Cal. 4th 1158, 1173 (2008) (holding that non-

16 employer individuals cannot personally be liable for their role in retaliation); *see*

17 *also Vernon v. State of California* , 116 Cal. App. 4th 114, 123 (2004) ("The

18 FEHA predicates potential liability for discrimination on the status of the DeVry as

19 an 'employer'"); *Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 287 (2009)

20 ("There is, however, no individual liability for retaliation").

21       23.    The California Supreme Court has explained the importance of not

22 allowing discrimination and retaliation claims against individual managers because

23 of the chilling effect it would have on effective management.  Indeed, as

24 recognized by the California Supreme Court in *Jones*:

25              If an employee gains a reputation as a complainer,
26              supervisors might be particularly afraid to impose
               discipline on that employee or make other lawful
27              personnel decisions out of fear the employee might claim
28              the action was retaliation for the complaining.

-7-

18117837v.3

1   *Jones*, 42 Cal. 4th at 1167.  Furthermore, there is no public policy benefit

2   associated with holding individual supervisors or managers personally liable:

> Imposing liability on individual supervisory employees
> would do little to enhance the ability of victims of
> discrimination to recover monetary damages, while it can
> reasonably be expected to severely impair the exercise of
> supervisory judgment.  The minimal potential for benefit
> to an alleged victim juxtaposed with the potentially
> severe adverse effects of imposing personal liability on
> individual supervisory employees is an additional reason
> for our conclusion that this is not result intended by the
> Legislature.

10  *Reno*, 18 Cal. 4th at 651-652 (citations omitted).

11          24.     Here, Plaintiff alleges that Sand, Spence and Porter engaged in

12  discrimination and retaliation in violation of the FEHA (first and second causes of

13  action).  Specifically, Plaintiff alleges that DeVry, Sand, Spence and Porter

14  "engaged in a plan and scheme to falsely denigrate disparage and deprecate

15  plaintiff's work performance so that is would pretentiously appear that plaintiff

16  was not performing his job in an adequate and standard manner."  (Complaint ¶15).

17  Plaintiff alleges that "[t]he conduct of defendants was also being perpetrated as

18  retaliation for plaintiff providing information about Scott Sand and others."

19  (Complaint ¶17).

20          25.     Plaintiff alleges in the Complaint that he was employed solely by

21  DeVry and that Sand, Spencer and Porter are merely DeVry supervisors.

22  (Complaint ¶3).  Accordingly, absent an employment relationship between Sand,

23  Spence and Porter and Plaintiff, his first cause of action fail as a matter of law.

24          **c.     Sand, Spence and Porter Did Not Employ Plaintiff – His**

25                  **Claim For Wrongful Termination and Breach of Contract**

26                  **Can Only Be Asserted Against DeVry**

27          26.     Similarly, "the tort for wrongful termination is premised on the

28  wrongful termination of an employment relationship."  *Miklosky v. Regents of the*

NOTICE OF REMOVAL

18117837v.3

1  *University of California*, 44 Cal. 4th 876, 900 (2008) (holding that there was no

2  justification for imposing personal liability on three supervisory employees).

3  Thus, "an individual who is not an employer cannot commit the tort of wrongful

4  discharge in violation of public policy; rather he or she can only be the agent by

5  which an employer commits that tort." *Miklosky*, 44 Cal. 4th at 900 (emphasis

6  added). Therefore, the proper defendant in any wrongful termination cause of

7  action is always the employer.

8         27.    Here, as discussed above, there is no dispute that DeVry, and not

9  Sand, Spence or Porter, employed Plaintiff. *See* ¶25, *supra*. Consequently,

10 Plaintiff cannot assert a claim for wrongful termination against Sand, Spence and

11 Porter and his wrongful termination causes of action fail as well.

12        28.    Likewise, the fourth and fifth causes of action are based on an alleged

13 contract to terminate his employment only for good cause. DeVry denies the

14 existence of the alleged contract, but even if there had been one it could only have

15 been between Plaintiff and his employer, DeVry. Plaintiff does not allege any of

16 the individual defendants was a party to the alleged contract, nor can he. Because

17 none of the individual defendants was a party to the alleged contract, none can be

18 liable for any alleged breach. *Clemens v. Am. Warranty Corp.*,193 Cal. App. 3d

19 444, 452 (1987) ("Under California law, only a signatory to a contract may be

20 liable for any breach.") (*citing Gold v. Gibbons*, 178 Cal. App. 2d 517, 519 (1960)

21 ("Breach of contract cannot be made the basis of an action for damages against

22 defendants who did not execute it and who did nothing to assume its obligations");

23 *see also Crosthwaite v. LML Enters.*, 2013 U.S. Dist. LEXIS 151851 (N.D. Cal.

24 Sept. 25, 2013) (finding that the individual defendant was not liable under a

25 collective bargaining agreement because he did not sign, and was not a party to,

26 the contract).

27        29.    Thus, Sand, Spence and Porter are sham defendants under all of the

28 theories alleged and must be disregarded for removal purposes.

18117837v.3

1    **4.    Doe Defendants**

2        30.    Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and

3    unknown defendants should be disregarded for purposes of establishing removal

4    jurisdiction under 28 U.S.C. section 1332. *Fristos v. Reynolds Metals Co.*, 615

5    F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a

6    removal petition). Thus, the existence of Doe Defendants in this case does not

7    deprive this Court of jurisdiction.

8        31.    Accordingly, pursuant to 28 U.S.C. section 1332(c), Plaintiff and all

9    defendants have diverse citizenship.

10

11   **B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

12       32.    While DeVry denies any liability as to Plaintiff's claims, the amount

13   in controversy requirement is satisfied because Plaintiff seeks remedies far in

14   excess of the $75,000 threshold.

15       33.    An action may be removed if the defendant establishes, by a

16   preponderance of the evidence that the amount in controversy exceeds the

17   jurisdictional amount. *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th

18   Cir. 2007). To establish by a preponderance of the evidence that the amount in

19   controversy exceeds the jurisdictional amount, the defendant must provide

20   evidence establishing that it is "more likely than not" that the amount in

21   controversy exceeds that amount. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d

22   398, 403-04 (9th Cir. 1996).

23       34.    In determining the amount in controversy, the Court must consider the

24   aggregate of general damages, special damages, punitive damages, and attorneys'

25   fees. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for

26   statutory attorneys' fees to be included in amount in controversy, regardless of

27   whether such an award is discretionary or mandatory); *Davenport v. Mutual

28   Benefit Health & Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963) (punitive

-10-
NOTICE OF REMOVAL

18117837v.3

1   damages must be taken into account where recoverable under state law); *Conrad*

2   *Assoc.'s v. Hartford Accident & Ind. Co.,* 994 F. Supp. 1196, 1198 (N.D. Cal.

3   1998) ("amount in controversy" includes claims for general and special damages).

4          35.     As explained by the Ninth Circuit, "the amount-in-controversy inquiry

5   in the removal context is not confined to the face of the complaint." *Valdez v.*

6   *Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may

7   consider facts presented in the removal petition).

8          36.     In the Complaint, Plaintiff seeks to recover "general damages,"

9   "special damages, including lost wages and benefits" "compensatory damages,"

10  "prejudgment and post-judgment interest," "reinstatement," "exemplary and

11  punitive damages," "attorney's fees," and "costs of the suit." (Plaintiff's Prayer for

12  Relief).

### 1.   <u>The Complaint alleges lost wages and damages that exceed $75,000</u>

15         37.    **Lost Wages.**  Plaintiff's annual salary at the time the termination of

16  his employment was $93,357.06.  (Hurt Decl. ¶7).  In the Complaint, Plaintiff

17  alleges that DeVry terminated his employment on October 22, 2012 (Complaint

18  ¶12) and seeks back and front pay.  As such, Plaintiff's alleged back wages alone

19  to date are already at least $186,714.12 and, alone, meet the $75,000 threshold

20  amount for removal.

### 2.   <u>Other facts support a finding that the amount in controversy now exceeds $75,000</u>

23         38.    **Emotional Distress.**  In addition to general, special and compensatory

24  damages, Plaintiff claims emotional distress damages.  (Complaint ¶¶19, 24, 29).

25  While the specific details of Plaintiff's alleged emotional distress damages are not

26  pled in the Complaint, in cases alleging discrimination and wrongful termination,

27  the emotional distress damages award alone often exceeds the $75,000 amount in

28  controversy requirement.  In *Elliott v. City of Gardena* , 2001 WL 1255712 (Los

18117837v.3

1 | Angeles County Superior Court, July 23, 2001), the jury awarded the plaintiff in a
2 | discrimination case $1,650,000 where the plaintiff's only claimed injury was
3 | emotional distress damages. In *Comey v. County of Los Angeles*, 2007 WL
4 | 3022474 (Los Angeles County Superior Court, Aug. 15, 2007), the jury awarded a
5 | plaintiff in a discrimination case $768,286, of which $100,000 was for non-
6 | economic damages. *See also Conney v. University of California Regents*, 2004 WL
7 | 1969934 (Los Angeles County Superior Court, July 27, 2004) ($300,000 in past
8 | non-economic damages and $600,000 in future non-economic damages awarded to
9 | plaintiff claiming discrimination and retaliation). These awards demonstrate that,
10 | for diversity purposes, the value of the emotional distress facet of Plaintiff's
11 | claimed damages alone exceeds the $75,000 amount in controversy requirement on
12 | its own.

13 |      39.   **Punitive Damages**.  Plaintiff seeks to recover punitive damages in an
14 | amount to be determined at trial. (Plaintiff's Prayer for Relief).  For purposes of
15 | determining the amount in controversy only, the Court should assume that Plaintiff
16 | will prevail on his claim for punitive damages. *See Richmond v. Allstate Ins. Co.*,
17 | 897 F.Supp. 447, 449-50  (S.D. Cal. 1995) (amount in controversy includes
18 | potential recovery of punitive damages award).  An examination of jury awards
19 | shows that punitive damages awards alone in these types of discrimination cases,
20 | when awarded, often exceed the $75,000 amount in controversy requirement. *See*
21 | *Carter v. CB Richard Ellis*, 2001 WL 34109371 (Orange County Superior Court,
22 | Oct. 7, 2001) ($600,000 award of punitive damages in discrimination case);
23 | *Crangle v. Stanford Univ.*, 2000 WL 33800199 (N.D. Cal., Mar. 30, 2000)
24 | (punitive damages award of $200,000 where sole remaining claim was for
25 | retaliation based on making complaint of discrimination).

26 |      40.   **Attorney's fees.**  Requests for attorney's fees must also be considered
27 | in ascertaining the amount in controversy. *See Galt*, 142 F.3d at 1156 (claims for
28 | statutory attorney's fees to be included in amount in controversy, regardless of

-12-

18117837v.3

1   whether award is discretionary or mandatory).  Under California Government Code

2   section 12965(b), the court in its discretion may award fees and costs to the

3   "prevailing party" in Fair Employment and Housing Act actions.  Although the

4   statute provides that the court "may" award fees, cases hold that a prevailing

5   plaintiff is entitled to fees "absent circumstances that would render the award

6   unjust."  *Horsford v. Board of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394

7   (2005).

8       41.    Courts have also awarded far in excess of $75,000 in attorneys' fees

9   alone in cases involving discrimination and wage-related claims. See, e.g.,

10   *Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.)

11   (approving attorneys' fee award of $159,762.50 in alleged disability discrimination

12   and failure to accommodate case); *Davis v. Robert Bosch Tool Corp.*, 2007 WL

13   2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6

14   million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San

15   Diego County Sup. Ct.) (attorney's fees award of $490,000 for claims including

16   disability discrimination and failure to accommodate).

17       42.    DeVry anticipates depositions being taken in this case, and that

18   ultimately DeVry will file a Motion for Summary Judgment.  Attorneys' fees in

19   employment discrimination cases often exceed $75,000.  In this regard, it is more

20   likely than not that the fees alone will exceed $75,000 through discovery and a

21   summary judgment hearing, and the fees would certainly exceed $75,000 if the

22   case proceeds to trial.  (Watson Decl. ¶7).

23       43.    **Verdicts In Similar Cases**.  Should Plaintiff prevail on his claims at

24   trial, it is more likely than not that he would recover over $75,000 in damages.  In

25   recent years, there have been several verdicts in discrimination and retaliation

26   cases entered in favor of plaintiffs in California where the awarded damages

27   exceeded $75,000. *See Zulfer v. Playboy Enterprises Inc.*, 2014 WL 1891246 (US

28   Central District of California) (jury award of $6,000,000 in case alleging wrongful

NOTICE OF REMOVAL

18117837v.3

1   termination in violation of public policy); *Lover v. Young by Yoyo Yeung*, 2014
2   WL 1911960 (Los Angeles County Sup. Ct.) (jury award of $998,534 in case
3   alleging discrimination, retaliation and wrongful termination); *Aboulafia v. GACN*
4   *Inc.*, 2013 WL 8115991 (Los Angeles County Sup. Ct. (jury awarded three
5   plaintiffs $1,3678,266 on age discrimination claims); *Salinda v. DirecTV Inc.*,
6   2013 WL 5944203 (jury award of $1,178,341 in case alleging retaliation, age
7   discrimination and wrongful termination); *Silverman v. Stuart F. Cooper, Inc.*,
8   2013 WL 5820140 (jury award of $325,223 in case alleging age discrimination and
9   wrongful termination in violation of public policy); *Jaffe v. UHS-Corona Inc*, 2013
10  WL 8509821 (Riverside County Sup. Ct.) (jury awarded $121,850 for wrongful
11  termination claim); *Kivman v. Worldwide Aeros Corp. et al*, 2013 WL 8222459
12  (Los Angeles County Sup. Ct.) (jury awarded $482,511 in case alleging wrongful
13  termination); *Kelley v. Merle Norman Cosmetics*, 2013 WL 1898806 (Los Angeles
14  County Sup. Ct.) (jury awarded $1,055,236 in case alleging retaliation and
15  wrongful termination in violation of public policy); *Cochran v. CBS Corp.*, 2012
16  WL 6708605 (Los Angeles County Sup. Ct.) (jury awarded $8,546,384 in case
17  alleging discrimination on the basis of sex, retaliation for complaints of
18  discrimination and wrongful termination); *Dorame v. Bynum et. al.*, 2012 WL
19  10235748 (Riverside County Sup. Ct.) (jury awarded $144,335 in case alleging
20  gender discrimination and wrongful termination).

21      44.    For each of the foregoing reasons, while DeVry denies any liability as
22  to Plaintiff's claims, it is now "more likely than not" that the amount in
23  controversy exceeds $75,000, exclusive of interest and costs, as required by 28
24  U.S.C. section 1332(a).

### V.    VENUE

26      45.    Removal to this Court is proper because this action originally was
27  filed in the Superior Court of the State of California, County of Los Angeles.
28  Thus, without waiving DeVry's right to challenge, among other things, personal

-14-

18117837v.3

jurisdiction and/or venue by way of a motion or otherwise, venue lies in this Court
pursuant to 28 U.S.C. Sections 1391(a) and 1441(a).

## VI.   SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND SUPERIOR COURT

46.    Notice of this notice of removal will promptly be served on Plaintiff
and the Clerk of the Superior Court of the State of California in and for the County
of Los Angeles.

WHEREFORE, DeVry prays that this civil action be removed from the
Superior Court of the State of California, County of Los Angeles to the United
States District Court for the Central District of California, Western Division (Los
Angeles).

DATED: October 2, 2014             SEYFARTH SHAW LLP


By _____
       Elisabeth C. Watson

Attorney for Defendant
DEVRY UNIVERSITY, INC. (also
erroneously sued as DeVry University
and DeVry, Inc.)

-15-
NOTICE OF REMOVAL

18117837v.3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
VINOD CHHABRA

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
DEVRY UNIVERSITY, INC. (also erroneously sued as DeVry University and DeVry, Inc.)

**(b)** County of Residence of First Listed Plaintiff   Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Roger P. Noorthoek, Esq. (SBN 32975)
LAW OFFICES OF ROGER P. NOORTHOEK
120 North Doheny Drive, Suite 105
Los Angeles, CA  90048
Tel: (323) 651-0581/Fax: (323) 214-8098

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Elisabeth C. Watson, Esq. (SBN 184332)
SEYFARTH SHAW LLP
333 South Hope Street, Suite 3900
Los Angeles, CA  90071
Tel: (213) 270-9600/Fax: (213) 270-9601

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

*(sham defendants)*

**IV. ORIGIN** (Place an X in one box only.)
☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sections 1332 and 1441(a) and (b); diversity of citizenship jurisiction

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/Etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Org.
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Info. Act
☐ 896 Arbitration
☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
☐ 153 Recovery of Overpayment of Vet. Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise
REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment

REAL PROPERTY CONT.
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property
TORTS
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions
TORTS
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability
BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157
CIVIL RIGHTS
☐ 440 Other Civil Rights
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 American with Disabilities-Employment
☐ 446 American with Disabilities-Other
☐ 448 Education

PRISONER PETITIONS
Habeas Corpus:
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
Other:
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee Conditions of Confinement
FORFEITURE/PENALTY
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other
LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Ret. Inc. Security Act

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark
SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405 (g))
☐ 864 SSID Title XVI
☐ 865 RSI (405 (g))
FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV14 07663

V-71 (06/14)

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII.   VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ **Yes**   ☐ No | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | | Southern |
| | ☐ Riverside or San Bernardino | | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes   ☒ No | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes   ☒ No | | ☐ NO. Continue to Question C.2. |
| If "no, " skip to Question D. If "yes," answer Question C.1, at right. | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) (unknown as to individual defendants) | ☐ | ☐ | ☐ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes   ☒ No | ☐ Yes   ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question E, below, and continue from there. If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question E, below. If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes   ☒ No |

American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed in this court?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are related when they: (1) arise from the same or a closely related transaction, happening, or event; (2) call for determination of the same or substantially related or similar questions of law and fact; or (3) for other reasons would entail substantial duplication of labor if heard by different judges. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** Elisabeth C. Watson, Esq. _____    DATE: 10/2/2014

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |


American LegalNet, Inc.
www.FormsWorkFlow.com