O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VINOD CHHABRA, | ) | Case No. CV 14-07663 DDP (FFMx) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER GRANTING DEFENDANTS' MOTION** |
| DEVRY UNIVERSITY, INC., an Illinois corporation registered in the State of California; DEVRY UNIVERSITY, an entity of unknown capacity; DEVRY, INC., a Delaware corporation registered in the State of California; SCOTT SAND, an individual; KELLI SPENCE, an individual; BRIAN PORTER, an individual, | ) ) ) ) ) ) ) ) ) ) ) ) ) | **TO DISMISS AND DENYING PLAINTIFF'S MOTION TO REMAND** [Dkt. Nos. 10, 12] |
| Defendants. | ) ) ) | |

Presently before the court is Defendants Scott Sand, Kelli Spence, and Brian Porter (collectively, "the Individual Defendants")s' Motion to Dismiss and Plaintiff's Motion to Remand. Having considered the submissions of the parties, the court grants the motion to dismiss, denies the motion to remand, and adopts the following order.

///

## I. Background

Plaintiff was employed by Defendants Devry University, Inc. and Devry, Inc. as an admissions advisor. (Complaint ¶ 3.) The Individual Defendants were Plaintiff's supervisors. (Id. ¶ 4.) Plaintiff alleges that all Defendants, including the Individual Defendants, "intended at all time to discriminate against plaintiff's employment (sic) due to his race natural origin and age (sic)." (Id. ¶ 10.) The Complaint further alleges that the Individual Defendants "intended to undermine, disrupt and terminate plaintiff as retaliation for his disclose, and divulging of conduct perpetrated by defendant Scott Sand." (Id. ¶ 11.) On October 22, the Individual Defendants terminated Plaintiff's employment because of a "claimed prevarication." (Id. ¶ 12.)

Plaintiff brought suit in state court alleging one cause of action for discrimination, three causes of action for wrongful termination, and a cause of action for breach of contract. Defendants removed to this court. Plaintiff seeks to remand this case to state court, while the Individual Defendants seek to dismiss the claims against them.

## II. Legal Standard

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint

2

need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

District courts have diversity jurisdiction over all civil suits where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). Diversity of citizenship between the parties must be complete. Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 388 (1998). The citizenship of fraudulently joined or sham defendants, however, including those who cannot be held individually liable, does not

3

1 destroy diversity.  <u>See</u>, <u>e.g.</u> <u>Mercado v. Allstate Ins. Co.</u>, 340
2 F.3d 84, 826 (9th Cir. 2003).

### III. Discussion

As an initial matter, Plaintiff's counsel does not dispute that he made no attempt to meet and confer in accordance with Local Rule 7-3, and that his opposition to the instant motion to dismiss was not timely filed.  <u>See</u> C.D. Cal. L. R. 7-3, 7-9.  This alone would be reason to grant the motion to dismiss and deny Plaintiff's motion to remand.  C.D. Cal. L.R. 7-12.  Nevertheless, in the interest of deciding issues on the merits, the court has considered Plaintiffs' submissions.

A. Individual Defendants' Motion to Dismiss

Plaintiff fails to acknowledge <u>Iqbal</u> or the proper standard applicable to a motion to dismiss, citing instead to pre-<u>Iqbal</u> and non-binding authorities.  Putting that issue aside, the central question here is whether Plaintiff has adequately alleged any claims against the Individual Defendants.  Defendants contend that retaliation, employment, and wrongful termination claims claims may only be brought against employers, and not against the Individual Defendants.  (Motion at 4, 6.)  Nor, Defendants assert, were the Individual Defendants parties to Plaintiff's employment contract.  (Mot. at 7.)  Plaintiff does not dispute these arguments.  (Opposition at 4.)

Instead, Plaintiff responds that the Individual Defendants' liability "is predicated upon there (sic) independent tortious and actionable conduct perpetrated by them, against plaintiff." (Opp. at 4.)  It is unclear, however, to what tortious conduct Plaintiff alludes.  Plaintiff's references to potential individual liability

4

1  for assault, battery, and rape do not appear to have any bearing on
2  this case.  (Id.)  Though Plaintiff's opposition also states that
3  the Individual Defendants "perpetrated independent acts of fraud
4  against plaintiff," the Complaint alleges neither a cause of action
5  for fraud nor facts supporting any such claim.  (Id.)  Because the
6  Complaint fails to adequately allege any claims against the
7  Individual Defendants, their motion to dismiss is GRANTED.
8     B.   Plaintiff's Motion to Remand
9     For these same reasons, Plaintiff's motion to remand is
10 DENIED.  Absent any viable claims against the Individual
11 Defendants, their citizenship does not destroy complete diversity
12 or deprive this court of jurisdiction.  See Mercado, 340 F.3d at
13 826 (9th Cir. 2003).
14 **IV. Conclusion**
15    For the reasons stated above, the Individual Defendants'
16 Motion to Dismiss is GRANTED.  Plaintiff's Motion to Remand is
17 DENIED.  Though the court is not entirely convinced that Plaintiff
18 will be able to allege any viable claims against the Individual
19 Defendants, the court grants leave to amend.  Any amended complaint
20 shall be filed within ten days of the date of this Order.
21
22 IT IS SO ORDERED.
23
24
25 Dated: February 13, 2015
26                                    DEAN D. PREGERSON
                                      United States District Judge
27
28